## Noah Gibson, Administrator, *vs.* Daniel D. Taylor.

In a mortgage which contains a condition to maintain and support a man and his wife in a manner particularly specified, a further condition " to provide a home for his said three daughters in said house on the premises, so long as they shall remain single and unmarried," obliges the mortgagor, notwithstanding his removal from the premises, and the house thereon becoming by natural decay, and without his fault, much dilapidated and not worth repairing, to provide any of the daughters remaining unmarried with a home or place of residence; but does not oblige him to supply them with food, clothing or fuel. And this construction is not affected by the mortgagor's having actually furnished such supplies for some time after the making of the mortgage.

WRIT OF ENTRY to foreclose a mortgage of land in New Marlborough, made by Mason Hollister to Benjamin Hollister, the condition of which was: " Whereas the said Benjamin Hollister has this day conveyed to the said Mason the above described lands; and the said Mason has agreed, in consideration thereof, to pay all the debts of the said Benjamin now due and owing from him to any person or persons whatsoever, not to exceed however in amount the sum of five hundred dollars, and to indemnify and save harmless the said Benjamin therefrom; and to maintain and support the said Benjamin and his wife Sarah Hollister, during their natural lives; also the said Mason has agreed not to convey the above described lands, without the consent in writing of the said Benjamin, to any person, during his natural life; and also that the three daughters of the said Benjamin, Philothete Hollister, Sarah Hollister and Lydia Hollister, shall have a home and a right in said house, so long as they shall remain single and unmarried; and it is agreed and understood that the said Mason shall have the use and improvement of the whole of said land during the life of the said Benjamin, if he well and truly perform the conditions of this deed. Now therefore, if the said Mason shall well and truly pay all the debts due from the said Benjamin to any person or persons whatsoever, not to exceed however in amount the sum of five hundred dollars, and shall indemnify and save harmless the said Benjamin therefrom; and shall well and truly maintain and support the said Benjamin and his wife Sarah Hollister with suffi-

cient meat, drink, clothing, washing and lodging, and medicine and medical attendance and nursing in case of sickness, and all other necessaries and conveniences of life suitable and proper to render their old age comfortable and happy; and in all respects shall provide for them, and the survivor of them, as a dutiful and affectionate son ought to do for kind and affectionate parents; and shall always provide for them, or either of them, a good and gentle horse for them to ride or drive at all times at their pleasure; and shall also at all times provide for them room and fire by themselves, if they shall choose or request it; and shall not sell or convey any part of the above described land to any person or persons whatsoever during the life of the said Benjamin, without his consent first obtained in writing; and shall also provide a home for his said three daughters, Philothete, Sarah and Lydia, in said house on the premises, so long as they shall remain single and unmarried; and the said Mason reserves to himself the use and improvement of said lands so long as he keeps and performs the agreement above written; then this deed shall be void; otherwise, shall remain in full force and effect." The facts of the case are stated in the opinion.

*I. Sumner*, for the plaintiff.

*J. Rockwell*, for the defendant.

THOMAS, J. This is a writ of entry for the foreclosure of a mortgage. The premises were formerly the estate of Benjamin Hollister. He conveyed them by deed to his son, Mason Hollister. Mason Hollister gave him back a deed of mortgage of the premises. The condition of the deed of mortgage recites that the said Mason, in consideration of the conveyance, had agreed to pay the debts of said Benjamin, "to maintain and support the said Benjamin and his wife Sarah Hollister during their natural lives;" not to convey the land during the life of Benjamin without his consent; " and also that the three daughters of the said Benjamin, Philothete Hollister, Sarah Hollister and Lydia Hollister, shall have a home and a right in said house, so long as they shall remain single and unmarried." The condition then provides that if the said Mason shall pay the debts of Benjamin, and furnish the support of Benjamin and Sarah, in the

mode and to the extent described, and shall not sell without the consent of said Benjamin, " and shall also provide a home for his said three daughters, Philothete, Sarah and Lydia, in said house on the premises, so long as they shall remain single and unmarried," then the deed shall be void.

At the time the mortgage was given, (1821,) the sisters were living with their father on the premises. After the mortgage was given, the mortgagor, Mason, furnished them with a home and food and lodging. Within a year from the date of the mortgage, Lydia died. In 1823, Sarah married. In 1825, Benjamin died. After his death, Mason, as mortgagor, continued to furnish a home, with food and lodging, to Philothete. Mason died in 1846, and his son, Mark M. Hollister, was appointed his administrator, and continued to furnish a home to Philothete till January 1853, when the administrator and heirs refused further to support her, or furnish her a home or place of residence. The mother died in 1852.

In 1837, Mason purchased a house and lot near the premises, and moved into them with his family, including the mother and sister. The old house upon the mortgaged premises, at the time of his removal, was not incapable of repair, but much dilapidated and not worth repairing; and this from natural decay, and without fault of the mortgagor.

The estate was sold by the administrator, subject to the incumbrances. The tenant was the purchaser.

Philothete was without a home or means of support, and this suit is brought by the administrator *de bonis non* of said Benjamin, to enforce the mortgage for her benefit.

Two questions arise upon these facts : What was the condition of the mortgage with respect to this sister? And has there been a breach of that condition ?

Under the practical construction of the parties, it would seem to be, that the sister should have not only a home, that is, a place of residence, upon the mortgaged premises, but food and other means of support. How far this resulted from kindness, and how far from a sense of legal obligation, it is impossible to say, and great importance cannot be attached to it. Such

Gibson, Administrator, *v.* Taylor.

we think, is not the legal construction of the mortgage. In relation to the parents, careful and detailed provisions are made for their support and comfort. In relation to the sisters, the provisions are simply that they " shall have a home and a right in said house so long as they shall remain single," and that the mortgagor " shall provide a home in said house on the premises so long as they shall remain single." The meaning, we think, is that he shall let them have a place of residence on the premises, " a home or right in said house." But the provisions include not only a right to be enjoyed on their part, but a duty to be performed on the part of the mortgagor, and that is, that the house shall be kept in such condition by him, who had under the mortgage the exclusive control of the premises, that the home may be had in the house.

Whether the sister could have insisted upon having the home in the old house, it is not necessary to inquire; for this right, if she had it, was not and is not now insisted on. But the obligation did not cease when the mortgagor left the old house, and if he did not provide for her a home there, he was bound to provide and furnish an equivalent elsewhere.

This obligation still rests upon the estate, so long as the sister lives and is unmarried. The failure to comply with this provision, on reasonable demand, was a breach of the condition of the mortgage.

The amount for which conditional judgment is to be entered is to be fixed by an assessor. That amount will be the value of a home or place of residence in the house, had it been kept in reasonable repair, with the ordinary incidents thereto, as right of water, &c.; but not including food or clothing or fuel. The time for which it is to be computed is from the breach of the condition to the rendition of the judgment.

*Judgment accordingly.*